# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| JAMES M. MUNYAN, | Case No. 2:24-CV-2382 |
| Plaintiff, | |
| vs. | Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Kimberly A. Jolson |
| KENNETH OSWALT, et al., | |
| Defendants. | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND AND REPORT AND RECOMMENDATION

Plaintiff James M. Munyan ("Plaintiff"), a prisoner at the Southern Correctional Institution ("SCI") proceeding without counsel, filed a Complaint alleging violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") on May 13, 2024 (the "Complaint"), and a motion to proceed *in forma pauperis*. (Docs. 1, 1-1). In his Complaint Plaintiff named Kenneth Oswart, Timothy Bubb, Dwayne Flowers, and Kevin Black, as Defendants, all with residences listed at "Admin. Building 205, 2nd Street, Commissioner's Office, Newark, Ohio 43055." (Doc. 1-1 at 4). The totality of the facts alleged in the Complaint in support of Plaintiff's claim read as follows:

> According to the Ohio Supreme Court, Kenneth Oswalt was nothing more than a compliance officer between 10.25.23 and 12.11.23. Oswalt represented the state by filing responses to my appeal, signing his name, whereby impersonating a state prosecutor, being aid & abetted by (acting) chief prosecutor Jenny R. Gonzalez with Bubby, Flowers & Black well in the know. This is on top of nearly 20 published appellate cases that Oswalt represented the state on since 3.6.23 [incomprehensible].

(*Id.* at 5 (spelling and grammar corrected)). While Plaintiff left the portion of his Complaint listing relief sought blank, (*see id.* at 6), he indicated on his civil cover sheet that he seeks "one hundred million" as relief. (*See* Doc. 1-2).

On May 28, 2024, this Court granted Plaintiff leave to proceed *in forma pauperis* and performed an initial review of the Complaint under 28 U.S.C. § 1915(e)(2). (Doc. 2). Upon initial review this Court found that Plaintiff's Complaint was appropriate for summary dismissal as his claims could not proceed under RICO, but in lieu of dismissal this Court reclassified Plaintiff's Complaint as alleging civil rights violations under 42 U.S.C. § 1983 due to the nature of the claims and that monetary damages are sought. (*See generally* Doc. 2). However, even under § 1983 this Court found Plaintiff's Complaint was unable to proceed as pleaded as the Court was unable to determine what claim or claims Plaintiff sought to raise and which of the named defendants were involved in any of Plaintiff's claims. (*Id.* at 7–8). Particularly, this Court found that Plaintiff did not allege any specific violations or connect the alleged violations with specific Defendants, nor did he connect any specific relief sought with any of the named Defendants. (*Id.*). Accordingly, Plaintiff's Complaint was found to be subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. (*Id.* (citing *Williams v. Ohio State Troopers*, No. 1:22-CV-164, 2022 WL 1538420, at *2 (S.D. Ohio May 16, 2022), *report and recommendation adopted*, No. 1:22-CV-164, 2022 WL 3212443 (S.D. Ohio Aug. 9, 2022))).

In lieu of dismissal this Court *sua sponte* granted Plaintiff thirty days to amend his Complaint, instructing Plaintiff to:

> [C]learly explain why each of the defendants meet the required "color of law" standard, as well as in what capacity he seeks to sue each defendant (individual, official or both), what each defendant did to him, when each defendant did it, how

each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.

(Doc. 2 at 8). The Court also informed Plaintiff that failure to comply would result in dismissal of his Complaint in its entirety. (*Id.*)

On June 13, 2024, Plaintiff filed a motion to amend, seeking to amend the nature of his suit from "Racketeer Influence and Corrupt Organizations to Constitutionality of State Statutes" (the "Supplement"). (Doc. 4). The motion to amend is **GRANTED** to the extent Plaintiff seeks to amend the nature of his suit. The Court construes this motion as supplementing the facts alleged in his Complaint in an attempt to comply with this Court's May 28 Order.

In his Supplement, Plaintiff did not state in what capacity he sought to bring suit against any of the Defendants as instructed. (Doc. 4). But he provided the following additional detail in support of his claims:

> [M]ore fitting, in terms of the claims, which is impersonating a prosecuting attorney, by Kenneth W. Oswalt and conspiracy by those complicit. [acting] Chief Prosecutor Jenny Rebecca Gonzalez-Wells, although is the greenlight behind Oswalt's subversive activities, which he was paid for, in Licking Co, Ohio, seems to be protected by *Stokes v. Probate Court of Cuyahoga County* (1969). Otherwise, she would be a defendant herein as well for her authorization and participation re: Oswalt's subversive activities while employed as nothing more than a Compliance Officer for the Commissioner's Office.

(*Id.* (italics added)).

Ultimately, Plaintiff's attempt to reclassify his Complaint as being brought under "Constitutionality of State Statutes," instead of RICO, still does not provide any clear basis under which his Complaint may proceed here. It appears from the Complaint and Supplement that Plaintiff intends to allege claims of abuse of legal process in his underlying criminal case— violations of "USCS Civ. R. 51 (B) along with ORC §4705.01 Practice of Law; prohibitions and RC §2921.51(A)(1)." (Doc. 4). Particularly, claims that Oswalt engaged in the unauthorized

3

practice of law when he filed various briefs in criminal matters though Oswalt was allegedly "nothing more than a compliance officer;" and conspiracy to violate those same provisions against Bubb, Flowers, and Black who allegedly knew Oswalt was not authorized to practice law but did nothing to stop him. (Doc. 1-1 at 5; Doc. 4). Such claims cannot proceed.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court addressed when an individual may sue under § 1983 and allege constitutional violations relating to a criminal conviction. Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, it appears Plaintiff alleges Oswalt was not authorized to prosecute or participate in a criminal prosecution against him.[1] While Plaintiff frames his Complaint as seeking damages due to Defendants' involvement in the process that resulted in his conviction and sentence, as opposed to reversal of his conviction and release from incarceration, the allegations render the same result: a challenge to the process that resulted in his conviction. *See Heck*, 512 U.S. at 486-87 (holding that a Section 1983 action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated). However, Plaintiff has not established or otherwise alleged his "conviction or sentence has been reversed on direct appeal, expunged by executive order,

---

[1] Although Plaintiff does not state the basis for his current incarceration in his Complaint or Supplement, the Court takes judicial notice of the Licking County Court of Common Pleas website which reflects that Plaintiff was the defendant in Case No. 08CR049, and that Plaintiff was convicted of and remains in custody for three felony offences addressed in that criminal action. *See* https://lickingcounty.gov/TAGCPM.PA.PublicPortal/faces/pages/case.xhtml?id=1&csqid=2281&return=results (last accessed July 22, 2024). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *See id.*  As such, his Complaint cannot proceed.

Even if his Complaint was not barred by *Heck* Plaintiff cites to state and federal statutes which do not offer the ability to proceed here.  First, Federal Rule of Civil Procedure 51(b) governs instructions to the jury and is inapplicable here.  *See* Fed. R. Civ. Pro. 51(b).  Next, Ohio Revised Code Section 2921.51 governs impersonation of a peace officer or private police officer, but the section of the code cited to by Plaintiff simply provides a definition of a "peace officer."  *See* ORS 2921.51(A)(1).  There is no indication that § 2921.51 provides any private cause of action under which any of Plaintiff's claims may proceed.

Ohio Revised Code §4705.01 governs prohibited acts in the practice of law.  *See* ORS 4905.01.  However, there is also no private cause of action which would allow Plaintiff's claims to proceed as the process for enforcement of violating Section 4705.01 is found in Section 4705.03: "written charges must be filed against [the alleged violator], stating distinctly the grounds of complaint, and a copy thereof, certified by the clerk, under the seal of the court, served upon [the alleged violator]."  *See* ORS 4905.03.  Moreover, only the supreme court, court of appeals, or court of common pleas of Ohio may "suspend or remove an attorney at law from office or may give private or public reprimand to him as the nature of the offense may warrant, for misconduct or unprofessional conduct in office involving moral turpitude, or for conviction of a crime involving moral turpitude."  *See* ORS 4905.02.

For these reasons it is therefore **ORDERED** that Plaintiff's Motion to Amend, (Doc. 4), is **GRANTED** but it is **RECOMMENDED** that this matter be **DISMISSED without prejudice** as

barred by *Heck v. Humphrey* and alternatively for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 23, 2024  /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE