## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JAMES M. MUNYAN,**

        **Plaintiff,**

    v.

**KENNETH OSWALT,** *et al.*,

        **Defendant.**

        **Case No. 2:24-cv-2382**
        **Judge Edmund A. Sargus, Jr.**
        **Magistrate Judge Kimberly A. Jolson**

## ORDER

This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on July 23, 2024. (ECF No. 5.) Plaintiff James M. Munyan is a prisoner at the Southern Correctional Institution proceeding without counsel.

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the Order and R&R and of the consequences of failing to do so (ECF No. 5, PageID 44), but did not file a timely objection. Accordingly, Plaintiff waived a *de novo* review of the Order and R&R. *See Peoples v. Hoover*, 377 F. App'x 461, 463 (6th Cir. 2010) (enforcing the rule requiring objection to a magistrate report against *pro se* litigants).

1

Although the Magistrate Judge found that Plaintiff's first-filed Complaint was appropriate for dismissal after an initial review, instead of dismissing the case, the Court granted Plaintiff 30 days to amend his Complaint. (ECF No. 2.) The Court provided specific instructions for Plaintiff on how to amend his Complaint and warned him that failure to comply would result in dismissal of his Complaint in its entirety. (*Id.* at PageID 8.) Plaintiff then filed a Motion supplementing the facts alleged in his Complaint in an effort to comply with the Court's Order. (*See* ECF No. 4.) However, as the Order and R&R explains, Plaintiff's supplement fails to state a claim on which relief may be granted. (ECF No. 5.)

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 for alleged constitutional violations relating to his criminal conviction. (ECF No. 5, PageID 42–43.) But under *Heck v. Humphrey*, 512 U.S. 477 (1994), an individual may not sue for damages under § 1983 for alleged constitutional violations related to a criminal conviction unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. (*Id.*) Accordingly, the Magistrate Judge concluded that Plaintiff's Complaint cannot proceed. (*Id.*)

The Court has reviewed the Order and R&R, agrees with the recommendations stated therein, and **ADOPTS** and **AFFIRMS** the Order and R&R. (ECF No. 5.) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey* and alternatively for failure to state a claim on which relief may be granted.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** and close this case.


**IT IS SO ORDERED.**

**8/26/2024**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

2